JERRY TUCCIO *v.* WILLIAM J. ZEHRUNG, M.D.

JERRY TUCCIO *v.* CHARLES W. TREAT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

 

Argued November 10, 1976—decision released February 8, 1977

*Roland F. Moots, Jr.,* with whom were *Robert J. Guendelsberger* and, on the brief, *Paul B. Altermatt,* for the appellants (defendant in each case).

*Bruce L. Lev,* with whom was *Walter Marcus,* for the appellee (plaintiff in each case).

BOGDANSKI, J.  These two cases were tried together: the resolution of the first is dispositive of the second.  On December 3, 1969, the defendant, William J. Zehrung, director of health for the town of New Milford, approved the layouts for an apartment complex of 460 family units with plans for a subsurface disposal system and issued the necessary permits as required by the state's health code.  On December 10, 1969, Zehrung revoked those permits whereupon the plaintiff brought these actions to

order their reinstatement. The trial court found the issues for the plaintiff and ordered the reissuance of the original permits. From the judgments rendered, the defendants have appealed, assigning error in the refusal of the court to find material facts, in finding facts without evidence, in the overruling of their claims of law, and in the conclusions reached. Only one of the assignments of error addressed to the finding was briefed: the others are therefore considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

The facts may be summarized as follows: The plaintiff is the owner and developer of a large tract of land in the town of New Milford. During October and November of 1969, the plaintiff submitted to the defendant Zehrung several sewage disposal plans relating to the development of the property. One of the modifications proposed by Zehrung involved the establishment of a subsurface sewage system providing a 100 percent reserve for the leaching fields. The 100 percent reserve area was not required by the state health code as it existed in 1969, but would, however, be required by the health code as amended, effective January 13, 1970.

After the permits were issued, the board of selectmen of the town called an unofficial public town meeting for December 8, 1969, to air the matter concerning the granting of the permits. The meeting was stormy and Zehrung was "under attack" for having granted the permits. Zehrung defended his action in granting the permits at that meeting.

On December 9, 1969, pursuant to a request by Zehrung, David C. Wiggin, the director of the state department of health's environmental health services

division, submitted a letter expressing his opinion on the disposal system. While the letter expressed his objections to the proposed system, those objections were based on his own personal opinion and not on any nonconformity with the health code. Because approval by the state was not required for the issuance of the permits, and because the Wiggin letter was based on personal opinion, the trial court concluded that the letter was legally immaterial on the subject. In its finding, the court noted that the state health department had not disapproved the plaintiff's subsurface sewage disposal plans, that nothing in the amended code required *approval* by the state, and that the plans had been submitted pursuant to the amended health code. Nevertheless, on the basis of the Wiggin letter, Zehrung revoked the permits on December 10, 1969, on the ground that the proposed plans did not conform to the health code.

The trial court concluded that while the right of a health officer to revoke permits previously issued exists, that right must not be arbitrarily exercised but must be based upon reasonable cause. It ruled that Zehrung relied exclusively upon the Wiggin letter in revoking the permits and that such reliance did not furnish an adequate basis for his action.

On appeal to this court, the defendants contend (1) that Zehrung properly exercised his administrative discretion in revoking the permits, and (2) that the trial court erred in reinstating the permits to the plaintiff who had acquired no vested rights in them.

The court found that on the date he issued the permits, Zehrung "knew the surface sewage disposal plans . . . [were] in compliance with the public

health code in existence and as [it was] to be amended and further to be in conformity with the additional requirements and revisions that he requested." The defendants assert that the evidence does not support that finding.

A finding of a material fact may be attacked as not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. *Morningside Assn.* v. *Morningside Development, Inc.,* 172 Conn. 60, 63, 372 A.2d 141. The testimony printed in the appendix with respect to this finding is claimed by the defendants to be contradictory and insufficient to support the finding. In examining the printed appendix, we find no contradiction as claimed. In any event, the trier of fact is the judge of the credibility of a witness and the weight to be accorded to that testimony, and this is true whether there is a contradiction between different witnesses or in the testimony of a single witness. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 473, 123 A.2d 760; *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216. We conclude that the testimony in the printed appendix adequately supports the court's finding.

The court's conclusions are tested by the finding. *Ross* v. *Ross,* 172 Conn. 269, 275, 374 A.2d 185; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Ross* v. *Ross,* supra; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

The finding amply supports the court's conclusions and we find no application of any erroneous rule of law by the court.

There is no error.

In this opinion the other judges concurred.