JOHN F. STEINMAN *v.* EVELYN B. MAIER, EXECUTRIX (ESTATE OF WILBUR BEEBE),* ET AL.

LOISELLE, BOGDANSKI, PETERS, PARSKEY and WRIGHT, Js.

Argued December 6, 1979—decision released February 5, 1980

*Joseph W. Doherty*, with whom, on the brief, was *William J. St. John, Jr.*, for the appellant (plaintiff).

*W. Fielding Secor*, with whom were *Pamela M. Taylor* and, on the brief, *Wilder G. Gleason*, for the appellees (defendants).

---

* Wilbur Beebe, an original defendant in this action, died on December 29, 1970. His executrix was substituted as a party defendant on December 16, 1971.

PER CURIAM. The plaintiff and the defendants owned adjoining parcels of land in the town of Middlebury, the plaintiff's property being situated west of the defendants' property. The plaintiff, claiming that the common boundary between the properties was lost, brought an action pursuant to General Statutes § 47-34 to establish this boundary and to quiet title to the boundary as so established. Judgment was rendered for the defendants on the ground that the plaintiff's claims were not supported by the evidence.

The disputed area consists of a rectangular piece of land located along the southerly boundary of the adjoining properties. The plaintiff claimed that he owned approximately 23 acres of land and that the lost boundary was located along the easterly line of the rectangular piece. The burden was on the plaintiff to fix this location. *Velsmid* v. *Nelson*, 175 Conn. 221, 224, 397 A.2d 113 (1978); *Barrs* v. *Zukowski*, 148 Conn. 158, 165, 169 A.2d 23 (1961). To establish his boundary the plaintiff offered a series of deeds and a number of sketches prepared from these deeds by a civil engineer. These offers sought to establish the claimed boundary by showing that the plaintiff owned the acreage which he claimed. The trial court admitted the evidence but found it deficient in several respects. None of the plaintiff's evidence was supported either by a survey or by a qualified title search, and, as a rule, the designation of unsurveyed acreage contained in old deeds is quite unreliable.[1] Furthermore, one of the parcels through which the

---

[1] Although the plaintiff has challenged the finding of subordinate facts in a number of respects, because he has not pursued this challenge in his brief it is considered abandoned. *Tuccio* v. *Zehrung*, 172 Conn. 350, 352, 374 A.2d 1044 (1977).

plaintiff claimed title decreased substantially as a result of a relocation of an old road, but no evidence was offered to establish either the original location of the road or the time of the relocation. Finally, the plaintiff's sketches did not agree with maps prepared by certified surveyors which appear in pertinent land records of Middlebury and Waterbury.

Because of these deficiencies, the trial court deemed the plaintiff's evidence insufficient to sustain the burden of fixing the location of the lost boundary. Although the plaintiff's evidence was not directly contradicted by other evidence, the trial court was not bound to accept it at face value. *Hartford Electric Light Co.* v. *Levitz,* 173 Conn. 15, 16, 376 A.2d 381 (1977). The sifting and weighing of evidence is peculiarly the function of the trier. " '[N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641." *Toffolon* v. *Avon,* 173 Conn. 525, 530, 378 A.2d 580 (1977). The rare occasion where testimony supporting a fact is such that the court could not reasonably disbelieve it; *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 489, 356 A.2d 117 (1975); is not present in this case.

There is no error.