[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this complaint on one count of negligence, in six counts. The plaintiff suffered injuries to his leg and to his arm, as a consequence of his fall from the body of the truck he was working on.
There are two stories presented describing the incident.
The plaintiff is a workfare client of the City of New Haven. He was assigned to the Parks Department, picking up leaves. One morning in December, 1989, he and several other similar persons were assigned to the truck driven by the defendant. He had worked with the defendant at least six times before. The work entailed putting the leaves in piles, then collecting the piles by the truck. They had a system which they used to notify the driver to move. They would either (1) knock on the cab roof, (2) call out "okay" to the driver or (3) the driver would call to them "okay" to the workers. Usually, one person would work in the body of the truck, to pack down the leaves.
On the morning in question, the group was doing the usual chores. The defendant, a city employee, called for a recess. The defendant left the job where they were working. The workfare personnel went to a place where they could eat sandwiches.
According to the plaintiff, the defendant returned from his CT Page 6476 break. The plaintiff had climbed in the body of the truck. The defendant got into the driver's seat and drove off without checking with the men in the back of the truck. The plaintiff was thrown from the truck to the ground, injuring his arm and his kneecap. Mr. William Hill, another worker, testified that he saw the plaintiff fall off the truck from the rear of the truck. An ambulance was called for, and the plaintiff was taken to the hospital. The plaintiff was adamant about there being no warning.
The testimony of the defendant was markedly different.
When the defendant returned, there was the following exchange between the defendant and the plaintiff. (Transcript, 5/17/94, p. 143).
"Q. (Atty. Serathy) Did you finish that pile of leaves at some point?
A. (Mr. Burroughs) Yes, we did.
Q. And then what did you do?
A. Well, when I had finished, I had asked B.A. If he was gonna stay up on the top of the truck and he said that he was all right. He was gonna stay on the back of the truck and I asked him was he sure and he said yeah. So, then when I got in the truck I said, "you all right, you holding on," and he said, "yes, I am."
Q. After the accident, um, what did you do after he said yes he was holding on?
A. Then I had put it in drive, from park to drive.
Q. Did you put the truck into motion?
A. Yes, I did."
(Transcript, 5/17/94, p. 142, 143)
"Q. (Atty. Serathy) After stopping the truck did you ever back the truck up?
A. (Mr. Burroughs ) No, I did not.
Q. And when you came over to B.A., after you had stopped the CT Page 6477 truck, where was he, like in reference to the truck?
A. He was on the side of the truck. On the passenger side of the truck.
Q. Approximately, how far away from the truck was he?
A. About two to five feet, if that much from the truck.
Q. And this was the passenger side of the truck?
A. On the passenger side, yes."
The defendant offered the testimony of Milton McKnight. He confirmed that the driver called out "all right" before starting up (Transcript p. 10, p. 14, 9/22/92).
Further, the hospital record reads as follows: "Fell off slowly moving (less than 5 m.p. h.) pick up truck." (Defendant's Ex. 1).
 "The sifting and weighing of evidence is peculiarly the function of the trier."
Steinman v. Maier, 179 Conn. 574, 576.
 "Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony."
Morgan v. Hill, 139 Conn. 159, 161.
Having reviewed the testimony of the witnesses, the court finds the story of the defendant to be more creditable.
 "Presumption means nothing more than, as stated by Lord Mansfield, the weighing of probabilities, and deciding, by the powers of common sense, on which side the truth is."
King v. Burdett, 1 St. Tr. (N.S.) 114 (1820).
The plaintiff failed to prove any of the six grounds of negligence alleged in the complaint. CT Page 6478
 ". . . [T]he plaintiff cannot recover without proving the necessary elements to establish negligence on the defendant's part."
Chipman v. National Savings Bank, 128 Conn. 493, 496.
Judgment for the defendant may enter.
Robert P. Burns, Judge