## ROBERT WALSH *v.* NATIONAL SAFETY ASSOCIATES, INC.
## (SC 15596)

Berdon, Norcott, Katz, Palmer and McDonald, Js.

Argued May 1—officially released June 3, 1997

---

*Charles C. Harrell,* pro hac vice, with whom were *Robert B. Flynn* and, on the brief, *Bradley E. Trammell* and *Richard W. Bowerman,* for the appellant (defendant).

*Lori Welch-Rubin,* with whom was *David Welch-Rubin,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The issues presented by this appeal are: (1) whether the trial court properly granted the plaintiff's motion for class action certification, where the defendant argues that the plaintiff failed to meet the requirements of Practice Book §§ 87 and 88[1] by establishing that (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims of the representative parties are typical of the claims of the class, (d) the representative parties will adequately and fairly protect the interests of the class, (e) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (f) a class action is superior to the other available methods for the fair and

[1] Practice Book § 87 provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Practice Book § 88 provides: "An action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

efficient adjudication of the controversy; and (2) whether the trial court properly defined the class of plaintiffs in this case, where the defendant argues that the class is fatally flawed because it is indefinite and overbroad. We affirm the judgment of the trial court.

The plaintiff, Robert Walsh, initiated this action against the defendant, National Safety Associates, Inc., alleging unfair practices in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.,[2] and an illegal contingent transaction in violation

---

[2] General Statutes § 42-110b provides in pertinent part: "Unfair trade practices prohibited. . . . (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ."

General Statutes § 42-110g provides in pertinent part: "Action for damages. Class actions. Costs and fees. Equitable relief. Jury Trial. (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

"(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages.

"(c) Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General and the Commissioner of Consumer Protection and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the Attorney General and the Commissioner of Consumer Protection.

"(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief. . . .

of General Statutes § 42-144 et seq.[3] The defendant is a Tennessee corporation that manufactures air and water treatment devices and markets them through a multi-level sales force of independent distributors and dealers. The plaintiff became a dealer of the defendant's product after responding to a newspaper advertisement and attending a recruitment meeting. In his complaint, the plaintiff alleges that, as a result of the defendant's unfair and deceptive trade practices and illegal pyramid scheme, he lost his investment, was not paid for his labor, lost the opportunity to seek other employment and suffered humiliation, degradation and emotional distress. Thereafter, pursuant to Practice Book §§ 87 and 88, the trial court granted the plaintiff's motion for class certification, concluding that the plaintiff had satisfied the requirements for a class action. This appeal ensued.[4]

"(f) An action under this section may not be brought more than three years after the occurrence of a violation of this chapter. . . ."

[3] General Statutes § 42-145 provides: "Contingent consideration void. The advertisement for sale, lease or rent, or the actual sale, lease or rental of any merchandise, service or rights or privileges at a price or with a rebate or payment or other consideration to the purchaser which is contingent upon the procurement of prospective customers procured by the purchaser, or the procurement of sales, leases or rentals of merchandise, services, rights or privileges, to other persons procured by the purchaser, is declared to be an unlawful practice rendering any obligation incurred by the buyer in connection therewith, completely void and a nullity. The rights and obligations of any contract relating to such contingent price, rebate or payment shall be interdependent and inseverable from the rights and obligations relating to the sale, lease or rental."

[4] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The defendant appealed the class certification under the provisions of General Statutes § 42-110h, which provides: "Class actions. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subsection may be conditional, and it may be amended before decision on the merits. *An order issued under this section shall be immediately appealable by either party.*" (Emphasis added.)

Our careful examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. The issues pertaining to whether the class should be certified were properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. *Walsh* v. *National Safety Associates, Inc.*, 44 Conn. Sup. 569, 695 A.2d 1095 (1997). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision. It would serve no useful purpose for us to repeat the discussion therein contained. See *Molnar* v. *Administrator, Unemployment Compensation Act*, 239 Conn. 233, 235, 685 A.2d 1107 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995); *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 380–81, 650 A.2d 540 (1994).

The judgment is affirmed.