[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR CLASS CERTIFICATION #102
The plaintiff, Karen Hawks, filed a five-count complaint against the defendants, Claude F. Light, M.D. (Light) and the Town of Monroe (town), on November 28, 1997. The plaintiff alleges that on or about October 16, 1997, Light administered a flu inoculation to the plaintiff using an unused needle the same syringe which was used on previous patients. The plaintiff has brought causes of action against Light sounding in negligence, lack of informed consent and recklessness, and against the town under General Statutes § 7-465 and for reckless supervision. The damage claims common to the class included the fear and/or risk of developing a hepatitis strain or aids.
On November 25, 1997, the plaintiff filed a motion for and memorandum in support of class certification. Both defendants have filed memoranda in opposition to the plaintiff's motion. The matter was heard by the court on February 2, 1998.
"Before a class can be certified all the prerequisites to a class action set out in Practice Book § 87 must be met. This section provides that [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.' If these threshold requirements are met, the trial court must then consider the case under Practice Book § 88, which provides that [a]n action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to CT Page 4651 other available methods for the fair and efficient adjudication of the controversy.' . . . The plaintiff bears the heavy burden of establishing that each requirement of the rule is met . . . . Although a trial court must undertake a rigorous analysis to determine whether the plaintiff has borne this burden successfully . . . it has broad discretion in determining whether a suit should proceed as a class action." (Citations omitted.)Arduini v. Automobile Ins. Co. of Hartford, Connecticut,23 Conn. App. 585, 588-90, 583 A.2d 152 (1990).
Numerosity
The plaintiff must show that the class is so numerous that joinder of all members is impractical. While the plaintiff is not required to provide the court with an exact class size, mere speculation or conclusory allegations will not justify the certification. Campbell v. New Milford Board of Education,36 Conn. Sup. 357, 361, 423 A.2d 900 (1980). It is necessary to provide the court with evidence or a reasonable estimate which would allow the court to draw reasonable inferences as to the approximate size of the class and the infeasibility of joinder.Crowley v. The Bankina Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket Number 237599 (March 9, 1992, Katz, J.) (6 Conn. L. Rptr.134).
The plaintiff claims damages on behalf of all persons who received flu inoculations by Light at Masuk High School, 1014 Monroe Turnpike, Monroe on October 16, 18 and 21, 1997. In her motion for class action, the plaintiff estimates the number of such persons to be 468.
Light argues that the proposed class would not number any higher than ten persons, because the defendants administered inoculations from vials which would service only ten people. Therefore, person one could only affect persons two through ten, person eleven could only affect persons twelve through twenty, and so on. Light argues that the court would have to analyze separately the issues of causation and injury for each group of ten individuals. Light also argues that causes of actions joining groups of ten individuals, all from the Monroe area, would not be impractical, and so certification would be unnecessary.
The town argues that a large portion of the purported class are town employees who would not be able to bring claims against CT Page 4652 the town due to the exclusivity provisions of the worker's compensation act, which bars common law actions brought by employees against employers for job related injuries. The town also argues that because the plaintiff has failed to show any damage to other members of the purported class, the plaintiff has failed to maintain her burden of showing that other claims exist.
The court finds due to the early stage of discovery, it is not possible for the court to determine the approximate size of the purported class. If the town's assertion that a majority of the 468 people who received inoculations on October 16, 18 and 21, 1997 were town employees who are barred from bringing common law causes of action, then the purported class might be diminished to such an extent that a class action certification is no longer appropriate. Upon further discovery, it should be clearer whether the worker's compensation bar is applicable to members of the purported class, and to what extent the worker's compensation act remove exclusivity provisions would remove present members of the class.[1]
Accordingly, the plaintiff's motion for class certification is denied without prejudice. "The plaintiff's failure to meet the numerosity requirement of Practice Book § 87 is dispositive . . . because the failure to meet any one of the prerequisites of the rules of practice requires a denial of class certification." Arduini v. Automobile Ins. Co. of HartfordConnecticut, supra, 23 Conn. App. 591. "When the propriety of a class action is considered, the question is only whether the requirements set forth in the rules have been met and not whether the moving party has stated a cause of action or will prevail in the end." Walsh v. National Safety Associates, Inc.,44 Conn. Sup. 569, 580, 695 A.2d 1095, aff'd, 241 Conn. 278, 694 A.2d 795
(1997).
If upon further discovery, if the plaintiff is able to prove numerosity and the other prerequisites of establishing class certification, the plaintiff may move again for certification.
David W. Skolnick, Judge