[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
The plaintiff has brought this action against New Haven's Civil Service Commission "on behalf of himself and others similarly situated." The defendant have now moved to dismiss the entire action. They assert that because the plaintiffs have failed to move for class action certification, the court lacks subject matter jurisdiction to hear this suit.
"[I]f a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required . . . A motion to dismiss, by contrast, properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
The defendants do not argue that the court would not have jurisdiction to hear the named plaintiff's individual case if the language about "others similarly situated" were omitted. They have not offered, nor has the court found, any authority in support of the proposition that the failure to seek class action certification deprives the court of jurisdiction to hear the named plaintiff's own case. The cases cited by the defendants in support of their motion, Arduini v. Automobile Ins. Co. ofHartford, Connecticut, 23 Conn. App. 585, 583 A.2d 152 (1990), CT Page 830Walsh v. National Safety Associates, Inc., 44 Conn. Sup. 569,695 A.2d 1095 (1996), aff'd, 241 Conn. 278, 694 A.2d 795 (1997), andGovernors Grove Condominium v. Hill Development Corporation,35 Conn. Sup. 199, 404 A.2d 131, all involve court decisions on whether or not to grant a plaintiff's motion to certify a class and do not implicate subject matter jurisdiction. Thus, the failure identified by the defendants is more properly raised through a motion to strike. See Humiston v. Town of Southbury, Superior Court, judicial district of Waterbury, Docket No. 133244, 18 CONN. L. RPTR. 489 (January 16, 1997, Pellegrino, J.) (the defendant contested the class action allegations by filing a motion to strike).
Under these circumstances, the court should either deny the defendants' motion to dismiss or treat that motion as though it were a motion to strike. At oral argument, the undersigned suggested to the parties that he was inclined to do the latter if, upon concluding his own research, he continued to believe that the defendants' contentions did not implicate subject matter jurisdiction. The parties agreed to this approach See Kalako v.O'Toole, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059078 (July 31, 1997) (Thompson, J.) (the court reviewed the defendants' motion to dismiss as a motion to strike in the interests of judicial economy); Seymour Board ofFinance v. O'Toole, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 059079 (July 31, 1997) (Thompson, J.) (20 CONN. L. RPTR. 215) (same).
Having concluded that the failure to seek class action certification does not deprive the court of jurisdiction but rather establishes that the complaint fails to state a legally sufficient claim on behalf of "others similarly situated", this court thus elects to treat the defendants' motion to dismiss as a motion to strike. Having done so, the court grants the motion with respect to all references to plaintiffs other than the named plaintiff, Edward Henry.
Jonathan E. Silbert, Judge