[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#105)
The defendant's first attorney of record, Shipman, filed his appearance on October 5, 1999, and thereafter, on November 30, 1999, filed the defendant's motion to dismiss (#105) on the grounds that the court lacked subject matter jurisdiction. "[M]otions to dismiss must be made within thirty days of filing an appearance." Discover Leasing, Inc. v. Murphy,33 Conn. App. 303, 307, 635 A.2d 843 (1993); see also Practice Book §10-30. The instant motion was filed beyond the thirty day time period required by Practice Book § 10-30. Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 666, 717 A.2d 706 (1998). In this instance, the defendant is questioning the jurisdiction of the court to hear and determine the plaintiff's complaint on the ground that Workers' Compensation Act (WCA), General Statutes § 31-284, provides the exclusive remedy for the plaintiff because the plaintiff failed to allege sufficient factual CT Page 2232 allegations to fall within the "intended tort theory" exception to the exclusivity doctrine of the WCA. Our Supreme Court has held that the exclusivity of the WCA does not create a lack of jurisdiction in the court, but a want of a cause of action in the plaintiff. See Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814
(1992); see also Gurliacci v. Mayer, 218 Conn. 531, 541-45,590 A.2d 914 (1991) (suit against fellow employee not subject to motion to dismiss for lack of subject matter jurisdiction). Furthermore, the Grant court determined that a special defense is the proper procedural device to challenge the plaintiff's complaint based on allegations regarding the exclusivity of the WCA, not a motion to dismiss. See Grant v. Bassman, supra,221 Conn. 473.
In the interest of judicial economy, however, several Superior Court cases have elected to review motions to dismiss as motions to strike. See, e.g., Henry v. Civil Service Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 411287 (January 4, 1999, Silbert, J.) (23 Conn. L. Rptr. 575).
 II
After addressing the merits of the defendant's motion to dismiss as a motion to strike,[1] this court determines the motion should be denied. The plaintiff in his opposition memorandum agrees his complaint fails to allege sufficient facts to fall within the first exception to the WCA exclusivity bar; however he argues his complaint alleges sufficient factual allegations to fit within the second exception, the "substantial certainty theory" exception. Construing the plaintiff's complaint in the light most favorable to the plaintiff, this court finds there are sufficient factual allegations to meet the "substantial certainty" standard. "The `substantial certainty' test provides for the intent to injure exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." Suarez v. Dickmont Plastics Corp.,242 Conn. 255, 258, 692 A.2d 838 (1997) (Suarez II). "Substantial certainty centers on whether the employer believed the injury was substantially certain to follow the employer's act or conduct." (Emphasis in original). Suarez II, supra, 242 Conn. 281.
The defendant argues that the thrust of Suarez II is that the substantial certainty must be that the injury that did occur was CT Page 2233 likely to occur, not that an injury of some indeterminate nature was likely to occur. The court agrees with the plaintiff that there is no supporting legal basis for this claim. Also, the court finds the language of Suarez II fails to support the defendant's interpretation requiring the employer believe the specific injury was to occur to the plaintiff. Given the facts of this case, however, where metal machinery with a twenty-four foot high extension, unable to be manipulated with dexterity, is being operated underneath high voltage electric wires, the injuries sustained by this plaintiff, namely, electrocution and severe burns stemming therefrom, are not injuries of some indeterminate nature. Rather, they are precisely the kind of injury substantially certain to occur if the metal machinery comes into contact with the electric wires. Construing the plaintiff's complaint in the light most favorable to the plaintiff, there are sufficient factual allegations to sustain a claim under the substantial certainty theory exception to the workers' compensation act, therefore, the defendant's motion to dismiss is hereby denied.
Kocay, J.