[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (#110)
The plaintiffs move pursuant to General Statutes § 52-105 and Practice Book §§ 9-7 and 9-8 for the court to certify this action as a class action. All defendants have objected to the plaintiffs' motion for class certification.
The named plaintiffs are two Connecticut remodeling contractor companies and their individual officers and employees. The defendant Remodeling Contractors Association, Inc. ("RCA") is a trade association whose membership consists primarily of residential builders and remodeling contractors. RCA, of which the plaintiffs were members, allegedly provides its membership with information and resources, including review, promotion and endorsement of health insurance and other benefit packages, in order to save its members time and money through discounts and alliances it makes with vendors. The plaintiffs for and on behalf of their employees and families, purchased insurance coverage from the defendant Fidelity Group, Inc. and others ("Fidelity entities")[1] upon RCA's endorsement as well as the endorsement of its president, defendant Richard W. Davis. The coverage was brokered to the plaintiffs through defendants H. Jackson Stearns Co. and Siegfried Jones (hereinafter "Stearns and Jones"). The complaint alleges that the "insurance" turned out to be an CT Page 4217 inadequately funded benefit plan that proved to be worthless to the intended insureds. The plaintiffs claim that they have paid substantial dollars in premiums, but nearly all of their claims for reimbursement have been dishonored.
The plaintiffs seek certification of a class comprised of all persons and entities, residing in the State of Connecticut, who purchased health and/or dental coverage to be provided by IWG Health Welfare Fund and all persons for whom such coverage was purchased who have sustained losses and damages as a result of the defendants' conduct.
The complaint is asserted in sixteen counts and includes allegations of negligent misrepresentation, Connecticut Unfair Trade Practices (CUTPA), General Statutes § 42-110a et seq., Connecticut Unfair Insurances Practices Act (CUTPA), General Statutes § 38a-816, breach of contract, negligence and intentional infliction of emotional distress.
Class actions are subject to the requirements of Practice Book §§ 9-7 and 9-8[2]. These rules of practice demand substantially the same as what is required by Fed.R.Civ.P. 23. Federal case law construing Rule 23 may be used to aid construction of our practice rules. Marr v. WMX Technologies, Inc., 244 Conn. 676,680-81, 711 A.2d 700 (1998); Board of Trustees v. Freedom ofInformation Commission, 181 Conn. 544, 553, 436 A.2d 266 (1988)
The plaintiffs bear the burden of establishing that each requirement of Practice Book §§ 9-7 and 9-8 is met. Arduini v.Automobile Ins. Co. of Hartford, Connecticut, 23 Conn. App. 585,589, 583 A.2d 152 (1990)
Essentially, to justify certification of a class pursuant to Practice Book § 9-7 and 9-8, a plaintiff is required to demonstrate that (1) the class is so numerous that joinder of all members is impractical (numerosity); (2) questions of law and fact are in common to the class (commonality); (3) the plaintiff's claim is typical of the class (typicality); (4) the plaintiff will adequately and fairly protect the interest of the class (adequacy); (5) common questions of law or fact predominate over any questions affecting only individual members (predominance); and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy (superiority). Walsh v. National Safety Associates,Inc., 241 Conn. 278, 279-80, 694 A.2d 795 (1997). CT Page 4218
Numerosity
In Exhibit 2 appended to their application for class certification, the plaintiffs list 104 individuals as potential members of the proposed class. The broker defendants Stearns and Jones assert that the list includes at least fourteen individuals to whom they did not sell insurance products, so in fact only 90 or fewer individuals would potentially qualify for class membership. A class of 80 or 90 members clearly would be so numerous as to make joinder impracticable. Indeed, courts have certified classes consisting of only fourteen members. See Grantv. Sullivan, 131 F.R.D. 436, 446 (M.D. Pa. 1990)
Commonality
The common questions of law are whether the defendants are liable to the named plaintiffs and members of the purported class for promoting and selling an insurance product that allegedly was inadequate and illegal. The defendants argue that the proposed class members are employees of different companies and that the proposed members of the class have different and varied types of claims for coverage under the insurance plan at issue.
Commonality, "only requires that some common issues exist, not that they predominate." (Citation omitted.) Campbell v. NewMilford Board of Education, 36 Conn. Sup. 357, 362, 423 A.2d 900
(1980), aff'd, 193 Conn. 93, 475 A.2d 289 (1984). In this case, the liability issues as to each member of the class are nearly identical, in that they purchased the same insurance product after receiving representations from the defendants. With respect to the issue of damages, it would not be unusual for members of a class to have different damage claims. "[T]he fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class. . . ." (Citations omitted.) Id.
Typicality
The typicality requirement refers to the comparison of the claims of the representative party plaintiffs with those of the purported class members.
The defendants argue that individuals other than Stearns and Jones may have sold the insurance products at issue to class CT Page 4219 members within the state of Connecticut. Stearns and Jones allegedly did sell insurance to the named plaintiffs, as well as to 80 or 90 of the purported class members. Accordingly, the liability of these defendant brokers would be limited to those damages, if any, attributable to their clients. The defendants RCA and Davis are alleged to have sent the same bulletin to all of the potential class members, endorsing the insurance plan at issue. The court finds that the typicality requirement is satisfied as to the liability claims, and also with respect to the general nature of the damage claims.
Adequacy
This requirement pertains to adequate representation for the class, as well as whether any antagonistic claims exist among class members. See In Re: Drexel Burnham Lambert Group, Inc.,960 F.2d 285, 291 (2nd Cir. 1992). Plaintiffs' counsel includes the law firm of Wiggin and Dana, which is very well respected and one of the state's largest firms. The plaintiffs' attorneys assert their experience in litigation, including CUTPA claims and class action litigation. All of the proposed members of the class are seeking repayment of their insurance claims and other consequential damages. There are no apparent antagonistic interests between the claims of the class members.
Predominance
"When common questions represent a significant aspect of a case so that they can be resolved for all class members in a single suit, then predominance exists." Walsh v. National SafetyAssociates, Inc., 44 Conn. Sup. 569, 588-89, 695 A.2d 1095
(1996), aff'd, 241 Conn. 278, 694 A.2d 795 (1997) (like this case, Walsh included an emotional distress claim). The common issues relating to whether the defendants engaged in unfair trade practices in violation of CUIPA and CUTPA, in the course of selling or promoting insurance products throughout Connecticut, predominate over any issues specific to an individual class member.
Superiority
Where common issues predominate and parties are numerous, as found to be true in this case, the superiority of class action over individual lawsuits is obvious. Campbell v. New MilfordBoard of Education, supra, 36 Conn. Sup. 370. CT Page 4220
Conclusion and Order
The plaintiffs have satisfied their burden of establishing that their case meets all of the requirements governing class certification. The motion for class certification is granted. The court hereby certifies as a class to be represented in this case by the named plaintiffs:
 A class is certified to consist of all persons and entities resident of the state of Connecticut who purchased health and/or dental coverage to be provided by IWG Health Welfare Fund, and all persons for whom such coverage was purchased who have sustained losses and damages as a result of defendants' conduct.
Plaintiffs are ordered to prepare for court approval a notice to the class and a proposed form of notice.
ROBERT F. MCWEENY, J.