FAITH MARR ET AL. *v.* WMX TECHNOLOGIES, INC., ET AL.
(SC 15802)

Callahan, C. J., and Borden, Berdon, Palmer and McDonald, Js.

Argued January 20—officially released May 12, 1998

*Carleton O. Strouss,* pro hac vice, with whom were *Joseph P. Williams* and, on the brief, *Timothy S. Hollister* and *Lynn D. Wittenbrink,* for the appellants (defendants).

*Richard A. Horsch,* pro hac vice, with whom were *Marc Organschi* and, on the brief, *Charles F. Brower,* for the appellees (plaintiffs).

*Opinion*

MCDONALD, J. The issue in this appeal is whether the trial court properly granted class action certification with respect to the plaintiffs' claims under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiffs alleged in their complaint that the defendants' improper operation of a landfill polluted the area surrounding the plaintiffs' homes and violated CUTPA. The trial court granted the plaintiffs' motion for class certification over the defendants' objection that the complaint failed to allege

the elements of a CUTPA violation. We affirm the trial court's order granting the motion.

The plaintiffs[1] in this case are residential property owners in the vicinity of the defendants' waste landfill in New Milford (landfill). The defendant Waste Management of Connecticut, Inc. (WMCI), operates the landfill and is wholly owned by the defendant Waste Management, Inc. (WMI), a wholly owned subsidiary of the named defendant, WMX Technologies, Inc. (WMX).

Although the Connecticut department of environmental protection in 1987 had increased the allowed height at the landfill from ninety to 190 feet, in 1989 the New Milford zoning commission amended the zoning regulations to limit the maximum height of the landfill to ninety feet. WMCI appealed to the trial court, and eventually to this court, from the adoption of the height limitation. *Bauer* v. *Waste Management of Connecticut, Inc.*, 234 Conn. 221, 227, 662 A.2d 1179 (1995). While the appeals were pending, WMCI continued to add to the landfill, which by March, 1993, had reached the ninety foot height limit imposed by the zoning commission. Id., 228. Despite this court's rejection of its claims on appeal; id., 259; and our approval of the zoning regulation; id.; WMCI continued to add to the landfill. See *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 528, 686 A.2d 481 (1996). On remand, the trial court, finding that WMCI's violation of the zoning law was grave and wilful, issued a permanent mandatory injunction that ordered WMCI to remove all waste above ninety feet. Id. We affirmed the trial court's judgment. Id., 536–37.

On the basis of WMCI's conduct, the plaintiffs brought this action against the defendants in five

---

[1] The plaintiffs include Faith Marr, Barbara Brown, Wendy Cartin, Robert Davenport, Douglas Eddy, Douglas McCloud, Karl Myers and Felix Esposito in their individual capacities and, following the granting of the motion for

counts, alleging negligent nuisance, absolute nuisance, statutory waste disposal violations, wilful, wanton and reckless misconduct, and CUTPA violations. The plaintiffs moved for certification of all counts as a class action, and the trial court granted the motion.

The defendants appealed from the trial court's order granting the motion, insofar as it ordered class certification on the CUTPA count, to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now Practice Book (1998 Rev.) § 65-1, and General Statutes § 51-199 (c). We now affirm.

The defendants claim that the plaintiffs have failed to satisfy the requirements of Practice Book §§ 87 and 88, now Practice Book (1998 Rev.) §§ 9-7 and 9-8, necessary to obtain class action status.[2] The defendants argue that it was improper for the trial court to rely on geographic boundaries to define the class and also argue that the plaintiffs failed to allege the elements of a CUTPA claim. They maintain that for these reasons the trial court was prevented from properly analyzing the numerosity, typicality and commonality requirements of §§ 87 and 88. Specifically, the defendants contend that the plaintiffs failed to allege they had a trade or

_____

class certification, as representatives of all similarly situated past and/or present property owners.

[2] Practice Book § 87, now Practice Book (1998 Rev.) § 9-7, provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Practice Book § 88, now Practice Book (1998 Rev.) § 9-8, provides: "An action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

commercial relationship with the defendants or that the defendants engaged in an unfair or deceptive trade practice. They claim the trial court abused its discretion in granting class certification to owners of property adjacent to or near the defendants' large waste disposal facility because each plaintiff suffered different and distinct injuries and damages.

We begin our analysis by setting forth the standard of review regarding orders for class certification. "Although a trial court must undertake a rigorous analysis to determine whether the plaintiff has borne [the] burden successfully . . . it has broad discretion in determining whether a suit should proceed as a class action. . . . Our review is confined to determining whether the trial court abused its discretion." (Citations omitted.) *Arduini* v. *Automobile Ins. Co. of Hartford*, 23 Conn. App. 585, 589–90, 583 A.2d 152 (1990). We approve the Appellate Court's definition of the standard of review.

We reject the defendants' argument that, because the plaintiffs have purportedly failed to allege the elements of a CUTPA violation, they should be denied class certification. As stated in a leading treatise: "[The rule], governing class actions, is a procedural rule, not a matter of substantive law. This obvious underlying principle is important, because whether a class action is proper does not depend on the merits of the litigation. There will almost invariably be disputed questions of fact or law on the merits." 2 H. Newberg, Class Actions (2d Ed. 1985) § 7.27, p. 23. Because rule 23 of the Federal Rules of Civil Procedure[3] is substantially similar to Practice Book §§ 87 and 88, the federal case law may be

---

[3] Rule 23 of the Federal Rules of Civil Procedure provides in relevant part: "(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

used to aid our construction of these rules of practice. *Arduini* v. *Automobile Ins. Co. of Hartford,* supra, 23 Conn. App. 589. "The determination whether there is a proper class [under rule 23 of the Federal Rules of Civil Procedure] does not depend on the existence of a cause of action." *Kahan* v. *Rosenstiel,* 424 F.2d 161, 169 (3d Cir.), cert. denied, 398 U.S. 950, 90 S. Ct. 1870, 26 L. Ed. 2d 290 (1970).

Whether the plaintiffs have alleged the elements of a CUTPA claim is a question of law common to all the plaintiffs that should be resolved by a motion to strike. This common question of law itself supports the class certification. The "question [whether the complaint could be dismissed for failure to state a claim] is an additional reason to certify a class . . . ." *National Super Spuds, Inc.* v. *New York Mercantile Exchange,* 77 F.R.D. 361, 375 (S.D.N.Y. 1977).

The defendants further argue that the plaintiffs do not properly constitute a class because they lack sufficient identity as a class for their CUTPA claim. Here the proposed class is comprised of past and present owners of property surrounding the defendants' landfill who claim to have suffered damages by its operation. As such, the class is limited as to time, property ownership from July 9, 1993, onward, and number, persons owning property within a specific vicinity of the landfill. This is a group sufficiently definite to narrow the class to those past and/or present property owners raising the same claims as the representatives. See *Rappaport* v.

class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition . . .

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . ."

*Katz*, 62 F.R.D. 512, 513 (S.D.N.Y. 1974). The complaint alleged, and the trial court heard, evidence that the plaintiffs own property close enough to the landfill to suffer damages from pollution emanating from the landfill. The trial court correctly considered the plaintiffs a class action group.

Lastly, the defendants argue that the differing nature of the plaintiffs' damage claims precluded a determination by the trial court that the representatives' claims were typical and that common questions of law or fact predominated. See Practice Book §§ 87 and 88, now Practice Book (1998 Rev.) §§ 9-7 and 9-8. We disagree.

That there may be individual consideration of the issue of damages has never been held to bar certification of a class. See, e.g., *Samuel* v. *University of Pittsburgh*, 538 F.2d 991, 995 (3d Cir. 1976); *Gold Strike Stamp Co.* v. *Christensen*, 436 F.2d 791, 798 (10th Cir. 1970); *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 35 Conn. Sup. 199, 204, 404 A.2d 131 (1979). "No matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action. Consequently, the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling* v. *Velsicol Chemical Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

" 'In short, commonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.' *Gordon* v. *Forsyth County Hospital Authority, Inc.*, 409 F. Sup. 708, 717–18 (M.D.N.C.), aff'd in part, vacated in part,

544 F.2d 748 (4th Cir. [1976]).” *Campbell* v. *Board of Education*, 36 Conn. Sup. 357, 362, 423 A.2d 900 (1980).

The single major issue distinguishing the class members may be the nature and amount of damages, if any, that each sustained. The issues of liability and causation, however, require almost identical evidence of the pollution emanating from the landfill and its causal connection, if any, to the plaintiffs' alleged damages. This class action, considering those issues, would “[avoid] duplication of judicial effort and [prevent] separate actions from reaching inconsistent results with similar, if not identical, facts,” despite the fact that individual hearings as to damages might be required. *Sterling* v. *Velsicol Chemical Corp.*, supra, 855 F.2d 1197. We conclude, therefore, that the trial court did not abuse its discretion in granting class certification.

The order granting the plaintiffs' motion for certification as a class action is affirmed.

In this opinion the other justices concurred.