[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' AMENDED MOTION FOR CERTIFICATION OF A CLASS ACTION
INTRODUCTION
Paraphrased, the allegations of the Second Amended Complaint which are relevant to this decision are:
 Each of the six named plaintiffs suffered a work-related injury which was subsequently accepted by his/her employer/insurer under workers' compensation statutes;
The defendant is a hospital;
 Each of the named plaintiffs received treatment for his/her work related injury from the defendant;
 The defendant has brought suit against each of the named plaintiffs to recover payment for treatment rendered in connection with his/her work-related injury;
 The defendant's effort to collect from each of the named plaintiffs was:
An abuse of process;
 A violation of § 31-279-9 (e) of the Regulations of Connecticut State Agencies;
 A violation of the public policy of the State of Connecticut;
A violation of § 31-294d of the General Statutes;
 A violation of an implied covenant of good faith and fair dealing contained in the contract between the defendant and each named plaintiff;
 An act committed with the intent to inflict severe mental and emotional distress upon each named plaintiff, which had that result;
 A violation of the Connecticut Unfair Trade Practices Act;
A defamation; and,
 An act which unreasonably placed each named CT Page 9110 plaintiff in a false light before the public, and thereby constituted an invasion of each named plaintiff's right to privacy;
 Other persons ("potential class members") who are numerous and cannot now be identified have been the subject of similar actions commenced by the defendant;
 The named plaintiffs and their attorneys would fairly and adequately protect the interests of the potential class members; and,
 The prosecution of separate actions by potential class members could result in inconsistent resolutions of similar issues.
DISCUSSION
Practice Book §§ 9-7 and 9-8
Sections 9-7 and 9-8 of the Practice Book set out the elements which a plaintiff who seeks certification of a class must establish, as follows:
 Sec. 9-7. Class Actions; Prerequisites to Class Actions
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members in impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. (P.B. 1978-1997, Sec. 87.)
 Sec. 9-8. Class Actions Maintainable
An action may be maintained as a class action if the prerequisites of Section 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (P.B. 1978-1997, Sec. 88.)
The elements required by § 9-7 of the Practice Book will CT Page 9111 be referred to hereinafter as the numerosity requirement, the commonality requirement, the typicality requirement and the fair representation requirement.
Case law
In the recent case of Marr v. WMX Technologies. Inc.,244 Conn. 676 (1998), the court stated the rationale for class actions as being the avoidance of "duplication of judicial effort" and preventing "separate actions from reaching inconsistent results with similar, if not identical, facts." (Citation omitted.) Id., 683.
Findings
A hearing was conducted on the captioned motion at which Jesse Frankel, Chairperson of the Connecticut Workers' Compensation Commission, and two of the named plaintiffs testified, exhibits were introduced and a stipulation was entered into by the parties. From the testimony, exhibits and stipulation, the following findings are made:
 Between January 1997 and April 16, 1998, the defendant brought small claims actions in the 7th G.A. (Meriden) against 1,000 to 1,500 persons, in each of which actions the complaint made reference to a work related injury (the "small claims actions"), as a result of which the numerosity requirement has been met;
 The defendant's action in bringing most, if not all, of the small claims actions raises the same issues which have been raised in the Second Amended Complaint, as a result of which the commonality requirement has been met;
 The claims of the named plaintiffs are typical of the claims which could be asserted by the defendants in the small claims action, as a result of which the typicality requirement has been met;
 The two named plaintiffs who testified are prepared to prosecute a class action and are not likely to subordinate to their own interests the interests of a class which may be certified, and counsel for the named plaintiffs are experienced in workers' compensation matters and are capable of adequately representing the interests of a class which may be certified, as a result of CT Page 9112 which the fair representation requirement has been met;
 The questions of law common to the named plaintiffs and the potential class members predominate over any questions affecting individual named plaintiffs and potential class members; and
 A class action is superior to other available methods for the fair and efficient adjudication of the issues raised by the Second Amended Complaint;
Conclusions
Because it has been found that the requirements of §§ 9-7
and 9-8 of the Practice Book have been met and that the rationale expressed in Marr would be furthered by the certification of a class in this case, the court hereby certifies as a class to be represented in this case by the named plaintiffs:
 All persons with accepted workers' compensation claims, as that term is defined in the workers' compensation code and relevant caselaw, who were the subject of collection activity by Veterans' Memorial Medical Center, its agents, servants and assigns, for unpaid medical bills incurred in the treatment of injuries or work related occupational diseases, as those terms are defined by the workers' compensation code and relevant caselaw, provided that Veterans' Memorial Medical Center, its agents, servants and assigns, were placed on notice by the person or his agents, servants, assigns, employer, employer's workers' compensation insurance carrier, or the workers' compensation commission, that said injuries or occupational diseases were work-related, as that term is defined in the workers' compensation code and relevant caselaw.
G. Levine, J.