[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO NOTIFY CLASS MEMBERS OF PENDENCY OF CLASS ACTION
The plaintiffs in the above-captioned action seek permission to notify class members of the action and their procedural rights and have submitted a proposed form of notice. The defendant opposes the provision of notice at this time and objects to some of the contents of the proposed notice.
Procedural objection
On May 15, 2001, this court issued a ruling certifying a class as to claims of violation of two consumer protection statutes in connection with the alleged practices of the defendant with regard to automobile repossessions. The court ordered the plaintiffs to submit a proposed form of notice to the class. The defendant filed an appeal of the ruling granting plaintiff's motion for class certification on June 1, 2001, and, on June 5, 2001, the plaintiffs filed a Motion for Extension of Time to Submit Proposed Notice to the Class, in which the plaintiffs stated that they preferred not to send notice to the class "until such time as the Court's order is not subject to further appeal." The defendant agreed that notice should be delayed, and on the basis of this agreement between the parties, this court ruled on June 13, 2001, that notice should not be sent to class members during the pendency of the appeal. Thereafter, however, the plaintiff opposed delay. On July 16, 2001, after the defendant had moved to stay all proceedings in the case in the trial court, this court ruled that since the defendant made no claim that an automatic appellate stay applied, there was no basis for staying the proceedings, and that the plaintiff had the option of proceeding while the appeal of the class certification ruling is pending.
The plaintiffs thereafter requested adjudication of their motion to provide notice to the class.
The Appellate Court has not entered any stay pending appeal of the class certification order, though the defendant filed a motion for stay on July 26, 2001.
The defendant characterizes the plaintiff's present motion as one to reargue the court's June 13, 2001, ruling. The characterization is, at best, inaccurate. The order in question was entered as to the plaintiffs' own Motion for Extension of Time to Submit Proposed Notice to the Class. CT Page 11560 In that motion, the plaintiffs sought a delay of their duty to provide notice while they addressed the appeal that the defendant had filed. In essence, they agreed to the defendant's request for a delay. The court's ruling merely adopted the agreement of the parties; however, the plaintiffs no longer agree to further delay but seek to proceed, treating the extension of time as completed. Having denied the defendant's motion for a stay of all proceedings, and having determined that it is not contended that a stay is automatic, this court finds no principled reason to convert the plaintiff's original request for an extension of time into a bar to proceeding, when no rule of court requires such delay.
Objection to form of notice
The only objection that the defendant makes to the substance of the plaintiff's proposed notice is addressed to the following sentences in that document:
 If you desire to present evidence at trial as to any actual damages that you have suffered, you will need to contact Class Counsel to discuss this. Otherwise, Class Counsel will be seeking only the minimum statutory damages (one-quarter of the amount paid under your contract at the time of repossession) on your behalf.
The defendant objects that the notice could be misunderstood because the term "actual damages" is not defined and because the Connecticut Supreme Court observed in Marr v. WMX Technologies, Inc., 244 Conn. 676, 682
(1998), that adjudication of individual damages should "be reserved for individual treatment with the question of liability tried as a class action."
One of the purposes of notice to class members is to allow them to assess the costs versus the benefits of remaining in the class or opting out. A statement that class counsel will restrict pursuit of the class member's claim to the statutory minimum unless a class member initiates contact for further discussion provides the class member with information that is relevant to the decision whether to seek his or her own counsel and pursue the issue individually, or whether to remain in the class. The term "actual damages" is not so mysterious as to require definition, especially since the proposed text sufficiently suggests that there may be some difference between actual damages and minimum statutory damages. The portion of the notice to which the defendant objects is not misleading, and the defendant has not identified any convincing basis for excising it. CT Page 11561
Review of the notice
The plaintiffs propose a form of notice to be mailed to class members identified and a notice to be published advising others who believe they are members of the class to contact class counsel to receive a copy of the mailed notice and opt-out form. The court finds that several changes are necessary:
 1. The notice states, in the first paragraph that "you appear to be a member of the class . . ." This statement should be changed to "you may be" a member of the class.
 2. The plaintiffs should insert in the notices the date of November 1, 2001, as the deadline for requesting exclusion from the class. The address to which requests for exclusion should be mailed should be identified not as class counsel's office but as "Complex Litigation Docket, CAC Class Action, Superior Court, 400 Grand Street, Waterbury, CT. 06702," so that a court record will be kept of exclusion requests.
Request for addresses
As part of their motion, the plaintiffs have requested that the defendant provide them with a database including each class member's name and full address. The defendant has stated no objection. The court orders that the defendant supply the names and addresses, in the requested form if that form is available to the defendant, by September 14, 2001.
Conclusion
The motion is granted, subject to the changes in the notice forms ordered above. Mail notice shall be sent out to class members and newspaper notice shall be published by October 1, 2001.
Beverly J. Hodgson Judge of the Superior Court