[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (#111)
 FACTS
CT Page 13121
The plaintiff, Salmon Brothers Realty Corporation, commenced this action on February 13, 2001, against the defendant, Amy Yost,[1] to foreclose a mortgage on property located at 924 Route 163, Montville.[2] The complaint alleges that the defendant mortgaged the premises to the plaintiff's predecessor in interest, McCue Mortgage Company on December 9, 1991. McCue Mortgage Company assigned the mortgage and note to the Connecticut housing finance authority (finance authority). The finance authority assigned the mortgage and note to the secretary of housing and urban development. The plaintiff alleges that it is the current holder of the note by virtue of an assignment from the secretary. The plaintiff further alleges that the defendant has defaulted on the payments due under the mortgage and note and has failed to cure the default.
On March 21, 2001, the defendant filed an answer and a special defense. The special defense alleges that the plaintiff and the plaintiff's predecessor in interest violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et. seq. (CUPTA), when they failed to negotiate a workout of the debt prior to initiating a foreclosure action. On May 1, 2001, the plaintiff filed a motion to strike the special defense on the ground that it is legally insufficient because it fails to plead sufficient facts to support a violation of CUPTA and that it fails to attack the making, validity, or enforcement of the mortgage and note. The defendant has not filed a memorandum of law in objection to the motion.[3]
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike. . . ." Practice Book § 10-39. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint, counterclaim or cross-claim], construed in favor of the [nonmoving party] to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 693 A.2d 859 (1997). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiff moves to strike the defendant's special defense on the ground that it is legally insufficient because the defendant fails to CT Page 13122 plead sufficient facts to support a conclusion of law that the plaintiff or its predecessor violated CUPTA. The special defense asserts that the plaintiff and the plaintiff's predecessor in interest refused to enter into negotiations for debt workout prior to instituting a foreclosure action and that they have continued to refuse to enter into good faith negotiations with the defendant. The special defense also asserts that because the plaintiff and its predecessor in interest have failed to enter into negotiations, the defendant has incurred a substantial financial loss. The special defense alleges these actions constitute a violation of CUTPA.
"Whether the [defendant has] alleged the elements of a CUTPA claim is a question of law . . . that should be resolved by a motion to strike."Marr v. WMX Technologies, Inc., 244 Conn. 676, 681, 711 A.2d 700 (1998). In order to plead facts which are legally sufficient to establish a violation of CUTPA, the defendant must plead facts which, if proven, show that: "1) the practice, without necessarily being unlawful, offends public policy as it has been established by statutes and the common law or that the practice otherwise violates an. otherwise established concept of unfairness; (2) the practice is immoral, unethical, oppressive, or unscrupulous; and, (3) the practice causes substantial injury to consumers. Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334, 367, 736 A.2d 824 (1999). "All three criteria do not need to be satisfied to support a finding of unfairness." Id. The purpose of CUTPA is to protect consumers from unfair or deceptive acts or practices, and competitors and other business people from unfair competition. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 496-98,656 A.2d 1009 (1995).
The special defense has failed to allege facts that would support a legal conclusion that the plaintiff or the plaintiff's predecessor in interest have offended public policy or otherwise violated some established concept of fairness by refusing to enter into a workout with the defendant. The defendant has also failed to allege facts that would allow a trier of fact to determine that the plaintiff's failure to enter into a workout with the defendant is immoral, unethical, oppressive, or unscrupulous or that the failure to enter into a workout agreement causes substantial injury to consumers. As such, the defendant's statement that the actions of the plaintiff and its predecessor violate CUTPA is a mere conclusion of law that is not supported by the facts alleged and, therefore, subject to a motion to strike. See Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. Therefore, the plaintiff's motion to strike the special defense is granted.
Martin, J. CT Page 13123