[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' OBJECTIONS TO DEFENDANT'S ATTACHMENTS TO BRIEF IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION
On October 1, 2002, this court heard argument on the plaintiffs' motion for class certification in the above-captioned case. At the conclusion of the hearing, plaintiffs counsel asserted that the defendant had relied on materials that should not have been submitted as attachments to its brief and that should not be considered by the court in ruling on the merits of the application for class certification. The court allowed the plaintiffs until October 7, 2002, to file a pleading identifying the attachments they claim are improper. The court set October 15, 2002, as the date for the defendant's response.
The plaintiffs have filed a supplemental memorandum objecting to inclusion of the following documents:
 1. the documents at Tabs A, B, C, D, E, I, J, N, O, P, Q, S and T to the affidavit of Robert Buchanan;
2. the reports of expert witnesses at Exhibits 12 and 13;
 3. affidavits of specified witnesses concerning the merits of the claim of unfair and deceptive practices.
Standard of review
Practice Book §§ 9-7 and 9-8 provide that a court adjudicating a motion for class certification must determine a number of factual issues: whether the number of class members is so great that joinder is impractical, whether there are questions of law or fact common to the class, whether the claims or defenses of the representative parties are typical of those of the class, whether the representative parties will fairly represent the interests of the class, and whether a class action CT Page 13600 is superior to other available methods for the fair and efficient adjudication of the controversy. Some of these determinations require proof of facts; however, the Practice Book is silent concerning the kinds of evidence that may be employed.
The defendant has observed that the federal courts do not require that the materials submitted in support of and in opposition to a motion for class certification comply with the Federal Rules of Evidence. This action is not, of course, being tried in federal court, and the evidence code that applies is the Connecticut Code of Evidence. That Code is applicable to "all proceedings in the superior court in which facts in dispute are found, except as otherwise provided by the Code, the General Statutes or the Practice Book." Connecticut Code of Evidence § 1-1
(b).
None of the exceptions listed in the Code itself concerns hearings on class action certification. While the Practice Book specifically provides that evidence may be submitted in some other proceedings, namely, motions for summary judgment, by appending documents or other items to a brief, see Practice Book § 17-45, the parties have not identified and the court has not located any Practice Book provision or statute that specifies a particular method of presenting evidence on the issues relevant in class certification hearings. Accordingly, it appears that the Code of Evidence applies to such determinations, absent waiver of the provisions of the Code.
Parties are free, of course, to stipulate that evidence in support of a motion for class certification or in opposition thereto may be presented in affidavit form or in documents that are merely attached to briefs without authentication or other foundation of the kind required by the Code of Evidence. Where an opponent seeks to present facts concerning class certification by appending exhibits to a motion or brief instead of offering testimony, the opposing party may waive such noncompliance with the rules of evidence simply by failing to object to this method of presentation. The defendant notes that this court considered an affidavit concerning plaintiffs counsel's qualifications when granting the motion for class certification in Moye v. Credit Acceptance Corp, Superior Court, judicial district of Waterbury, Docket No. X01 CV 99 0157073,2002 WL 589101 (May 15, 2001). That affidavit was considered because the defendant did not object to its use, and the lack of objection constituted a tacit waiver of the possible hearsay objection to its use.
Absent waiver, including waiver as a result of failure to object, the applicability of the Code of Evidence to the proceeding mandates that the court adjudicate objections to evidentiary submissions in accordance with CT Page 13601 the provisions of the Code of Evidence invoked by the party objecting.
In the instant case, the plaintiffs have objected only to some of the evidence that the defendant has presented. The plaintiffs have not objected to use of affidavits in general, but have asserted only the more limited objections listed above. Pursuant to Practice § 5-5, the court rules only on the ground for objection articulated by a party.
1. Objections to Attachments to Buchanan affidavit
The plaintiff objects to exhibits A, B, C, D, B, I, J, N, O, P, Q, S and T to the affidavit of Robert Buchanan, a lawyer engaged in defending Hewlett-Packard Company in suits concerning its printer cartridges in other venues across the nation. In his affidavit, Attorney Buchanan identifies the exhibits challenged by the plaintiffs as copies of excerpts from depositions taken in cases pending in California, Massachusetts and Ohio. The plaintiffs assert without contradiction that they were not present or represented at any of these depositions and that Practice Book § 13-31 does not allow the use of deposition transcripts against a party not present or represented at the deposition. The objection to the submission of these materials is sustained.
2. Reports of expert witnesses
The plaintiffs object that the opinions of expert witnesses as to the merits of the plaintiffs' claims are irrelevant to the determination of class certification. These opinion are set forth in Exhibits 12 and 13 to the defendant's brief. The Connecticut Supreme Court has ruled that "whether a class action is proper does not depend on the merits of the litigation. There will almost invariably be disputed questions of fact or law on the merits." Marr v. WMX Technologies, Inc, 244 Conn. 676, 680
(1998). Accordingly, the opinions set forth in Exhibits 12 and 13 are irrelevant to the issues now before this court. The plaintiffs' objection to their admission is sustained.
3. Testimony concerning merits of claim of unfair or deceptive practices
The plaintiffs object generally to statements in affidavits submitted by the defendant concerning the merits of the claim that the provision of smaller ink cartridges in printers at the time of initial purchase is an unfair and deceptive trade practice. Specifically, they object to statements on that issue made in the affidavits of Zareh Teymoorian, Keith Kealey, Clyde Johnson, Thomas Pagani, Jeffrey Hayes, Steven Moss, Dave Fergus and Daniel Caccamo on the following subjects: CT Page 13602
— what factors "impact a customer's purchasing decision;"
 — whether Hewlett-Packard or its employees intended to deceive consumers;
 — whether or not there is such a thing as a "standard" ink volume for HP cartridges;
 — the practices of other manufacturers with respect to ink cartridges;
 — what the consumer "would see" after he or she opened the printer box;
 — whether or not the information provided to consumers by retailers is "beyond HP's control."
Since the merits of the plaintiffs' claim are not matters to be determined in deciding whether it may be maintained as a class action, see Marr v. WMX Technologies, Inc., supra, 244 Conn. 680, that objection is sustained.
The plaintiffs have not objected to affidavits concerning the circumstances surrounding their own purchase of printers containing smaller ink cartridges. Such facts are relevant to the issues germane to class certification, and in particular, to the issue whether the plaintiffs claims are typical of those of the class they seek to represent.
Conclusion
The plaintiffs' objections to the materials discussed at parts 1 and 2 above are sustained. These items are not admissible as to the factual issues raised by the motion for class certification, and the court will not rely on them. The plaintiffs' objections to those portions of the affidavits discussed at part 3 above that relate to the merits of the plaintiffs' claim and the specified topics are sustained. The court will not consider such averments in determining class certification, as they are irrelevant. The plaintiffs have not, however, objected to those portions of these affidavits which relate to the named plaintiffs' transactions, and those statements are relevant to the issue of typicality.
Beverly J. Hodgson Date Judge of the Superior Court CT Page 13603
[EDITORS' NOTE: This page is blank.] CT Page 13604