[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CLASS CERTIFICATION
Plaintiffs Steven Robichaud and Thomas C. Nicholson, Jr. have moved for Certification of a class in the above-captioned case. The claim that the named plaintiffs assert is that defendant Hewlett-Packard Company violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., by selling them ink jet computer printers that contained ink cartridges that were smaller than the replacement cartridges that Hewlett-Packard sells for the same printers.
Class Defined
The plaintiffs seek certification of a class consisting of "all persons within the State of Connecticut who, during the period from September 1998 to December 2000, purchased inkjet printers from the Defendant Hewlett-Packard Company which included with the printer ink cartridges that were designated by the Defendant as `economy' cartridges."
The plaintiffs allege that beginning in the spring of 1998, the defendant began to include in "certain printers" ink cartridges which were "exactly the same size and shape as a regular replacement ink cartridge which had previously been supplied with new printers, [but] differed significantly in that it was only filled to one-half of its total capacity." (Complaint, para. 5). The plaintiffs further allege that the packaging for the printers stated that a print cartridge was included with the printer without stating that the cartridge was not completely filled with ink. The plaintiffs assert that the provision of the "economy" cartridges in new inkjet printers was meant to necessitate an earlier purchase of replacement ink cartridges from the defendant, which they allege was the only source of replacement cartridges for its brand of printers.
The plaintiffs allege that the foregoing conduct constitutes an unfair or deceptive trade practice that violates CUTPA. Section 42-110g (a)
CT Page 13954
provides a cause of action to persons who suffer injury through the use of an unfair or deceptive trade practice: "(a) ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action to recover actual damages . . ." Section 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
The named plaintiffs thus seek to represent a class of persons who suffered an ascertainable loss because of the alleged unfair or deceptive trade practice of the defendant in including with its ink jet printers an ink cartridge that contained less ink than was contained in replacement cartridges.
Standard of review
Practice Book § 9-8 provides that an action "may be maintained as a class action if the prerequisites of Practice Book § 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The prerequisites of Practice Book § 9-7 are as follows: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
CUTPA, the statute that the plaintiffs claim was violated, includes a specific provisions concerning class actions. Conn. Gen. Stat. § 42-110g
(b) provides that "[p]ersons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages." Conn. Gen. Stat. § 42-110h
provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this section may be conditional, and it may be amended before decision on the merits. An order issued under this section shall be immediately appealable by either party." CUTPA contains no provision varying the requirements for a CUTPA class action from those made generally applicable to class actions by
CT Page 13955
Practice Book § 9-7 and 9-8.
The Connecticut Supreme Court has ruled that the Connecticut rules for class certification are substantially similar to Rule 23 of the Federal Rules of Civil Procedure and that federal case law construing that rule may be used as an aid to construction of the state provisions. Marr v.WMX Technologies, 244 Conn. 676, 681 (1998). The movant bears the burden of establishing that each requirement of the Practice Book rules is met.Arduini v. Automobile Ins. Co. of Hartford, 23 Conn. App. 585, 589-90
(1990).
While the court must analyze the plaintiffs' claims to determine whether the criteria for class certification are met, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (Internal quotation marks omitted.) Eisen v. Carlisle and Jacquelin,417 U.S. 156, 178 (1974); Marr v. WMX Technologies, supra, 244 Conn. 680.
The federal courts have noted that class actions serve an important function in the system of civil justice because they permit plaintiffs to "vindicat (e) the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." Deposit Guaranty National Bankv. Roper, 445 U.S. 326, rehearing denied, 446 U.S. 947 (1980).
Are the requirements for class action status satisfied?
Typicality
A plaintiff seeking to represent a class must demonstrate that his claims are typical of those of the class he seeks to represent. EastTexas Motor Freight v. Rodriguez, 431 U.S. 395, 403 (1997) (class representatives in an employment discrimination case failed to satisfy the typicality requirement because they were not qualified for the position alleged to have been denied to the class of minority employees); see General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 156
(1982). This requirement is related to the further requirement that the named plaintiff be an adequate representative of the class. Both requirements are meant to assure that the named plaintiffs will be in the same situation as those they seek to represent and will therefore represent the class members' interests because of the similarity of their situation and the absence of conflicting or disparate interests or circumstances. Anchem Products, Inc. v. Windsor, 521 U.S. 591, 625-26
(1997).
CT Page 13956
The plaintiffs' testimony at their depositions suggests that they are not typical of the persons whose claims of injury from unfair trade practices they seek to represent because the plaintiffs themselves do not allege that they were subjected to conduct that misrepresented the printers they bought, nor that they suffered an ascertainable loss as a result of the conduct that they claim was an unfair trade practice as to class members.
At his deposition on April 8, 2002, Plaintiff Robichaud testified that he bought a Hewlett-Packard inkjet printer at a Staples office supply store for $249.98. He testified that he made his decision on the basis of the speed of the printer without seeing the packaging that the printer came in and thus did not receive any information from any packaging information. He does not allege that the defendant made any claim whatever concerning the capacity or likely duration of use of the ink cartridge included with the printer. He does not allege that any regulatory standard exists that requires ink cartridges to contain a particular amount of ink, nor does he assert that he was led to believe that the printer he bought contained a cartridge that would last any particular period of time.
Plaintiff Nicholson testified that price was the primary factor in his choice of computer printers when he purchased a Hewlett-Packard printer at a Best Buy store in Framingham, Massachusetts. He testified that the salesman who showed him the Hewlett-Packard printer he bought observed that the black ink cartridges ran out of ink quickly and that he should buy replacement cartridges at the same time. The sales slip for his purchase shows that in the same transaction he bought a Deskjet printer for $297.97 and two black ink cartridges for $29.99 apiece. Plaintiff Nicholson thus does not allege that he was subjected to any false or misleading statement about the capacity or duration of use of the ink cartridge, but rather that he was provided with accurate information concerning its attributes.
In order to determine whether the named plaintiffs assert claims that are typical of the class of persons who suffered an ascertainable loss from an unfair or deceptive practice in connection with the purchase of one of the defendant's printer in the specified time period, it is necessary to distinguish between the various kinds of purchasers that the plaintiffs seek to include in a single class and the distinctions among those purchasers that are relevant under CUTPA.
In order to prevail on a claim of injury resulting from a CUTPA violation, a plaintiff must demonstrate both that the defendant engaged
CT Page 13957
in an unfair or deceptive trade practice and that he suffered an ascertainable loss `as a result of' the unfair or deceptive trade practice. Where an entity has engaged in an unfair trade practice, but where that practice was not the proximate cause of loss to the plaintiff, there is no recovery under CUTPA. Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 306 (1997). Therefore, a plaintiff who purchased an item because of his own baseless expectation about what its characteristics should be, without having been influenced in any way by any conduct by the defendant, would most likely fail to fulfill the requirement that his loss be a result of an unfair or deceptive practice.
Some of the members of the class that the plaintiffs seek to represent may have been told that the ink cartridge contained in the Hewlett-Packard printers contained a cartridge that had particular attributes that were different from the actual attributes contained in the defendant's printers during the period at issue. Others may have seen packaging that stated that an ink cartridge was included, with the suggestion that it was a cartridge of some particular type or likely duration. Neither of the named plaintiffs is typical of such potential class members.
Representation that a product has certain attributes that it does not actually have constitutes an unfair trade practice. Hinchliffe v.American Motors Corp., 184 Conn. 607, 611 (1981). In Hinchliffe, the defendant advertised that the Jeep Wagoneer it manufactured had "full-time four wheel drive," when in fact it had a system that could be overridden by flipping a switch that made the vehicle assume the characteristics of conventional four-wheel drive vehicles. While the Connecticut Supreme Court found that the plaintiffs could recover for losses resulting from that misrepresentation, they found that the plaintiffs had no claim under CUTPA on the basis of the defendant's failure to disclose that some component parts of the Jeep were not manufactured by American Motors. "Because nothing in the record before us suggests that the defendants either affirmatively misrepresented or had a duty to disclose the specific manufacturing history of the component parts, the plaintiffs have not shown that the defendants engaged in an unfair or deceptive trade practice in this respect." Hinchcliffe, supra,184 Conn. 612.
Thus, the attributes of a product may violate CUTPA if a product seller or manufacturer makes some claim about them that is not accurate, but they do not violate CUTPA if the seller or manufacturer has not made any such representation and if no regulation or common law duty requires the product to have particular attributes. While a plaintiff need not have to
CT Page 13958
prove reliance on the misrepresentation in order to recover for damages caused by the difference between what was represented and what existed, see Associated Investments Co., LP. v. Williams Associates IV,230 Conn. 148, 158 (1994), he cannot establish a CUTPA violation based on the attributes of a product that has not been misrepresented or that is not subject to some common law or other duty to be manufactured in a particular way nor a duty to disclose its characteristics. Hinchcliffe v.American Motors Corp., supra, 184 Conn. 612.
The named plaintiffs seek to represent a class of persons who suffered an ascertainable loss because of deceptive or misleading actions, including misrepresentations about the attributes of the ink cartridge included with the defendant's printers. They hypothecate a class of persons who saw packaging that made representations about the ink cartridge or who otherwise were misinformed about the true nature of the cartridge contained; however, they do not themselves appear to belong to that class. Their claims are not typical of the claims of those they seek to represent, because the circumstances of their own acquisitions do not exhibit any of the attributes that they theorize might support a CUTPA claim by others. Like the named plaintiffs in East Texas Motor Freightv. Rodriguez, supra, 431 U.S. 395, the named plaintiffs cannot represent a class because the named plaintiffs do not share with class members the characteristic that is central to the claim asserted.
Commonality
"[C]ommonality is satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." (Citations and internal quotation marks omitted.) Marr v. WMX Technologies, Inc., supra, 244 Conn. 682-83. In the present case, the CUTPA claims of the proposed class are not substantially related to the legal claims of the class representatives.
CUTPA does not require that every product sold be made of the best materials, be the most durable version of an item, or perform in a particular manner. As the citations to cases above illustrates, the statute applies in some circumstances and not in others. The particular representations made to other purchasers of Hewlett-Packard ink jet printers about the product may differ from the representations made to the named plaintiffs, and these differences may make the difference between having a viable CUTPA claim and not having one with regard to the purchase of a printer in the absence of any requirement that the ink cartridge contained therein have any particular attributes.
CT Page 13959
Some purchasers may have viewed packaging materials; plaintiff Robichaud did not. Some purchasers may have been told the cartridge in the new printer was the same as the replacement cartridges; plaintiff Nicholson was told it did not last long and that he would soon need a replacement.
The named plaintiffs do not seek to represent a class of purchasers who did not see the packaging that accompanied the ink jet printers and who were explicitly told that the cartridges in the printers would not last long. They seek instead to represent people who were exposed to whatever representations were made on the packaging and to representations that suggested that there was no such limitation in the utility of the ink cartridge included.
The named plaintiffs seek to include in a single class persons whose purchases included very different situations, when the differences in those situations may very well make the difference between having and not having a viable cause of action under CUTPA.
The named plaintiffs fail to satisfy the requirement that the various members of the class have common claims.
Numerosity
The plaintiffs have presented evidence that supports a finding that over two thousand Hewlett-Packard printers of the models containing the partially-filled ink cartridge were sold in Connecticut during the period at issue. The plaintiff has not demonstrated how many were sold to persons who are similarly situated to the named plaintiffs, that is, who saw no packaging or were told of the low capacity. "Allegations of numerosity based on speculation do not meet the requirements of [Practice Book § 9-7]." (Citations omitted.) Arduini v. Automobile InsuranceCo. of Hartford, supra, 23 Conn. App. 591. The numerosity requirement has not been met in the present case.
Adequacy of representation
The requirement that the named plaintiffs adequately represent the class has two components: that they have adequate counsel who are capable of litigating a class action claim, and that the plaintiffs themselves will represent the class members because they share the same characteristics as plaintiffs and have no conflicts of interest with other class members. Ortiz v. Fiberboard Corp., 527 U.S. 815, 856 n. 31 (1999); General Telephone Company of the Southwest v. Falcon, supra,457 U.S. 157-58; East Texas Motor Freight v. Rodriguez, supra,
CT Page 13960
431 U.S. 405.
The named plaintiffs are ably represented, and the court finds no inadequacy of representation on that score. With regard to the other aspects of adequacy of representation, however, the court finds that the named plaintiffs are not adequate representatives of the members of the class whose circumstances differ from the plaintiffs' own.
As has been stated above, the named plaintiffs have no claim that the packaging of the printers they purchased described the contents in a misleading way because they either did not see the packaging or were explicitly told about the limitations of the cartridge that was included. As parties with claims that are difficult ones under the standards that apply to CUTPA, the plaintiffs may have very different motivations with regard to settlement overtures than would class members whose circumstances are more certainly within the scope of CUTPA. The named plaintiffs are not, because of the peculiarities of their own transactions, adequate representatives of the class they hypothesize of persons who did see the product packaging and who received no supplemental explanations.
Conclusion
For the foregoing reasons the court finds that the named plaintiffs have failed to satisfy several important criteria for class certification, and the motion for class certification is therefore denied.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 13961